UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY           07 CV 4820 (PKC)
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS     MEMORANDUM
APPRENTICESHIP, JOURNEYMAN RETRAINING,           OF LAW
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

                                    Plaintiffs,

            -against-

EASTERN STORE FRONT CO., INC.,

                                    Defendant.
-----------------------------------------------------------------------X

## MEMORANDUM OF LAW

This memorandum of law is submitted in support of the motion for default judgment dated August 7, 2007. For the reasons set forth herein, the motion should be granted and a judgment entered confirming the award together with attorneys' fees and costs.

   I.   The arbitration award should be confirmed.

Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). Arbitration awards are granted great deference by the courts. Duferco Int'l

Steel Trading v. T. Klaveness Shipping A/V, 333 F.3d 383, 388 (2d Cir. 2003). Judicial review of an arbitrator's award, entered pursuant to an agreement between an employer and a labor organization, is very limited. Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001). Provided there exists "even a barely colorable justification" for the arbitrator's determination, the award should be upheld. 187 Concourse Assocs. v. Fishman, 399 F.3d 524, 526 (2d Cir. 2005) (quoting United Paperworkers Int'l Union, AFL-CIO v. Misco, 484 U.S. 29, 38 (1987)).

In D.H. Blair & Co., the Second Circuit ruled that a motion for default judgment made pursuant to an unopposed petition to confirm an arbitration award should be treated as though it was an unopposed motion for summary judgment. 462 F.3d at 109. As such, the court must examine the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. Id. at 110.

In the case at bar no genuine issues of material fact remain. There was a valid agreement to arbitrate the instant dispute. The collective bargaining agreement (hereinafter referred to as "CBA" ) between the Defendant and the District Council of Carpenters of New York and Vicinity of the United Brotherhood of Carpenters and Joiners of America provides that "all Employer's books and payroll records shall be made available at all times upon the demand of the Trustees of the said Funds for audit and inspection by a representative of the said Trustees..." (see Article X, Section 8 of the CBA annexed as Exhibit "A" to the Affidavit of Andrew GraBois dated August 7, 2007). The CBA requires arbitration for the purposes of settling disputes between the parties as to any claims or violations of the CBA. (see Article X, Section 12(a) of the CBA annexed as Exhibit "A" to the Affidavit of Andrew GraBois dated August 7, 2007). Thus, the arbitrator was clearly acting with the scope of the authority granted to him

pursuant to the express terms of the CBA. The Defendant had been sent a Notice of Intention to Arbitrate by the Plaintiffs (a copy of which is annexed as Exhibit "B" to the Affidavit of Andrew GraBois dated August 7, 2007) and a Notice of Hearing (a copy of which is annexed as Exhibit "C" to the Affidavit of Andrew GraBois dated August 7, 2007) by the Arbitrator. As reflected in the award, no response from the Defendant was received by the Plaintiffs nor the Arbitrator. Moreover, the arbitrator's procedural and substantive interpretations of the CBA are supported by the contract terms themselves as every employer is required to submit their books and records for audit and inspection. (see Article X, Section 8 of the CBA annexed as Exhibit "A" to the Affidavit of Andrew GraBois dated August 7, 2007). Lastly, there is no evidence in the record suggesting corruption, fraud, or other impropriety on the part of the arbitrator, nor would confirmation of the award be contrary to public policy. Unopposed motions for summary judgment "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). In this matter, the undisputed facts clearly show that Petitioners is entitled to judgment as a matter of law. Thus, confirmation of the arbitration award is appropriate and Defendant must be required to produce any and all books and records for the audit period April 1, 2004 through April 14, 2007 and Plaintiffs are entitled to $2,400.00 in arbitration fees and costs as awarded by the arbitrator.

    II.  <u>Plaintiffs are entitled to Attorney's fees incurred in confirming the award</u>

Plaintiffs are entitled to $1,825.00 in attorneys' fees and costs ($1,765.00 in attorneys' fees and $60.00 in costs) they have incurred while pursuing this confirmation action. (See Affidavit of Services of Andrew GraBois dated August 7, 2007 annexed hereto as Exhibit "H").

3

Attorneys' fees and costs are recoverable based on equitable grounds. A court may, in the exercise of its inherent equitable powers, award attorneys fees when an opposing party refuses to abide by an arbitrator's decision without justification (Int'l Chemical Workers Union Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985); New York City Dist. Council of Carpenters Pension Fund v. Eastern Millenium Const., Inc., 2003 WL 22773355, at *2 (S.D.N.Y. 2003) ) or when the opposing party acts in bad faith when it fails to either pay the award or file a motion to vacate or modify. In Matter of Arbitration between Soft Drink and Brewery Workders Union Local 812, IBT, AFL-CIO, 1996 WL 420209 (S.D.N.Y. 1996).

### Conclusion

Plaintiffs are entitled to judgment against Defendant, compelling Defendant to produce any and all books and records for the audit period of April 1, 2004 through April 14, 2007 and for the total sum of $4,225.00 which encompasses the amount of $2,400.00, representing the amount awarded by the arbitrator and attorneys' fees and costs arising out of this action to confirm the arbitrator's award in the amount of $1,825.00. For all foregoing reasons the motion should be granted and the award confirmed.

Dated: New York, New York
       August 7, 2007

                              Respectfully submitted,

                              O'DWYER & BERNSTIEN, LLP

                              ANDREW GRABOIS (AG 8192)