UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE NEW YORK DISTRICT
COUNCIL OF CARPENTERS
PENSION FUND, et al.

                    Petitioner,                             07 Civ. 4820 (PKC)

   -against-

                                                         <u>ORDER GRANTING PETITION</u>

EASTERN STORE FRONT CO., INC.,

                    Respondent.
------------------------------------------------------------x

**USDS SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 10/29/07

P. KEVIN CASTEL, U.S.D.J.

       This petition to confirm an arbitration award was filed on June 6, 2007. Service was effectuated on respondent, pursuant to New York Business Corporation Law § 306, by delivering a copy to the Secretary of State of New York. No response to the petition has been filed. Because a petition to confirm an arbitration award ought not be granted on default, I will proceed to adjudicate the petition. See <u>Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 109 (2d Cir. 2006)("default judgments in confirmation/vacatur proceedings are generally inappropriate." ).

       This court has subject matter jurisdiction by reason of section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.A. § 185. The benefit funds at issue were established and maintained pursuant to section 302 (c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

       The Collective Bargaining Agreement ("CBA") between the parties constituted a valid agreement to arbitrate an issue relating to the failure of respondent to

make contributions to the benefit funds and to make its books and records available for audit. The dispute over access to the books and records was submitted to a duly designated impartial arbitrator, Roger E. Maher. After proper notice to the parties, the arbitrator held a hearing and rendered an award in writing on April 14, 2007. The arbitrator found in favor of the petitioner and concluded that respondent had failed to grant proper access to the books and records of respondent. The arbitrator's award orders the respondent "to forthwith produce any and all books and records specifically cash disbursement section of the cash book, general ledger, job location records, daily time records and certified payrolls" for the period April 1, 2004 through April 14, 2007. The award also granted an attorney's fee of $1,500, arbitrator's fee of $150, "court costs" of $250 and audit costs of $500, a total of $2,400.

I conclude that the award is based in fact and law and the petition to confirm is GRANTED. The petitioner is entitled to reasonable attorneys' fees and costs in connection with proceedings to confirm the award. I have reviewed the affidavit of services and conclude that it supports an award; the time spent and the hourly rates are reasonable. Fees of $1,726 and costs of $60.00, a total of $1,825, are awarded.

Judgment will enter.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
October 29, 2007